989 F.2d 496
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Lonny Edsell SPELL, a/k/a Tony, Defendant-Appellant.
 No. 92-5364.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 3, 1992
Decided: March 15, 1993
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. W. Earl Britt, District Judge. (CR-91-52-BR)
 G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.
 Margaret Person Currin, United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Lonny Edsell Spell appeals from his jury conviction of conspiracy to distribute controlled substances. Because we find that the court did not abuse its discretion in limiting the cross-examination of an agent of the state bureau of investigation, we affirm Spell's conviction.
 
 
 2
 During trial, Spell sought to cross-examine Agent Lea ("Lea") of the North Carolina State Bureau of Investigation concerning his testimony before the grand jury. The court sustained the government's objection to the line of questioning, and the defense later made an offer of proof outside the presence of the jury. Lea testified during the proffer that the grand jury was not provided with chemical analysis evidence or evidence that there were no conclusive fingerprints recovered from packages of LSD allegedly distributed by Spell in 1983. Lea stated in front of the jury, however, that he compiled the summary of a phone log and included only those calls he considered "pertinent." Lea's testimony at trial concerned the toll records of telephone calls involving Spell and the title history of a car seen during one transaction involving Spell.
 
 
 3
 Spell asserts on appeal that Lea was biased in his investigation and prosecution of Spell and that he deliberately concealed information concerning the drug and fingerprint analysis from the grand jury. He contends that he did not receive a fair trial because the court would not permit him to fully cross-examine Lea on the selectivity of his grand jury testimony in order to show his bias. The government argues that Spell's cross-examination exceeded the scope of Lea's testimony on direct examination and that Lea only answered the questions he was asked at the grand jury hearing.
 
 
 4
 A defendant has a fundamental right to effective cross-examination on any matter bearing upon a witness's credibility. Davis v. Alaska, 415 U.S. 308 (1974). Bias on the part of a witness is an allowable and established ground for inquiry on cross-examination. United States v. Akitoye, 923 F.2d 221, 224 (1st Cir. 1991). The trial court may impose reasonable limits on cross-examination to preclude repetitive and unduly harassing interrogation. See Davis, 415 U.S. at 316; United States v. Atkinson, 512 F.2d 1235 (4th Cir. 1975). Such a decision is within the trial court's discretion. United States v. Crockett, 813 F.2d 1310, 1312 (4th Cir.), cert. denied, 484 U.S. 834 (1987).
 
 
 5
 Since Lea did not testify as to any facets of the investigation other than the phone records and the automobile title, the proffered testimony concerning the latent fingerprint analyses and the drug testing was beyond the scope of the direct examination. In addition, Lea simply answered the questions posed to him by the government at the grand jury hearing; that he did not testify as to the fingerprint or drug analyses does not in itself demonstrate bias. Since the jury was made aware of Lea's influence in the investigation, the court did not abuse its discretion in limiting the cross-examination of Lea. Moreover, we note that the exclusion of the evidence, if error, was plainly harmless in light of the other, direct evidence of Spell's guilt. Therefore, we affirm Spell's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED